**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SIMON CASTLE,
<u>Petitioner,</u>

v.

HINKLE AND SON, INCORPORATED;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
<u>Respondents.</u>

No. 95-3130

On Petition for Review of an Order of the Benefits Review Board.
(94-2365-BLA)

Submitted: October 3, 1996

Decided: October 15, 1996

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. George D. Blizzard, II, SHAFFER & SHAF-
FER, Madison, West Virginia; J. Davitt McAteer, Acting Solicitor of
Labor, Donald S. Shire, Associate Solicitor, Patricia May Nece, Eliza-
beth A. Goodman, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Simon Castle, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming an Administrative Law Judge's (ALJ) decision to deny his application for black lung benefits. The ALJ originally awarded benefits following a hearing that was unattended by any representative for the Respondent, Hinkle and Son, Inc. (employer). Employer appealed to the Board, contending that it did not receive proper notice of the hearing, and the Board vacated the ALJ's decision and remanded for further fact finding concerning the notice issue. On remand, the ALJ found notice deficient and ordered a new hearing. Employer subsequently submitted a report by Dr. Zaldivar which was admitted into evidence and ultimately relied on by the ALJ in denying benefits on remand.

In this appeal, Castle contends that the Board and ALJ erred by finding that notice of the first hearing was deficient and by ordering a new hearing. Castle avers that this action prejudiced him by permitting admission of Dr. Zaldivar's report, but also contends that Dr. Zaldivar's report is unreasoned in any event and therefore insufficient to defeat his entitlement to benefits. We, however, agree with the position of the Director, Office of Workers' Compensation Programs (Director), that even assuming that Castle is correct, any error is harmless in this case because, even excluding Dr. Zaldivar's report, the record contains no affirmative evidence that any disability Castle might have is attributable to coal dust exposure.

The only physicians of record who addressed disability, Drs. Rasmussen and Zaldivar, both found that Castle possesses normal respiratory function. Thus, their opinions can not establish total disability due to pneumoconiosis. Castle bore the burden of establishing this critical element of entitlement. See Robinson v. Pickands Mather & Co., 914 F.2d 35, 36 (4th Cir. 1990). Because the record is devoid of

2

any affirmative evidence relating to this critical element, his entitlement to benefits is precluded as a matter of law.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3